

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT A. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 5433 |
| ) | Paul E. Plunkett, Senior Judge |
| E*TRADE FINANCIAL CORPORATION and ) | |
| E*TRADE BANK, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Scott A. Murray, ("Plaintiff"), has filed a lawsuit against E*Trade Financial Corporation and E*Trade Bank, ("Defendants") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA" or "the Act"). Before us is Defendants' Federal Rule of Civil Procedure ("Rule") 12(c) motion for judgement on the pleadings. For the reasons stated below, Defendants' motion for judgment on the pleadings is granted in part and denied in part.

## Facts

We accept, as we must, the following facts as true. In 2003, Murray began to receive mail from Defendants offering pre-approved home equity rates and home installment loans. (Comp. ¶¶ 7, 8, 30.) In 2005, Defendants approved and sent the solicitation to Plaintiff and approximately 200 other individuals explaining that the reason they were sent the flyer was because they had reached a certain level of creditworthiness. (*Id.* ¶¶ 8, 9, 12, 15, 16, 19.) In reality, however, those individuals

1

were chosen by Defendants because their consumer report showed poor credit or bankruptcy discharges, and Defendants were trying to prey upon their "subprime credit." (*Id.* ¶20.) Plaintiff did not in any way authorize Defendants access to his consumer report, nor did he initiate any transaction with Defendants. (*Id.* ¶¶ 21, 22, 23.) As a result of the 2005 mailing, Plaintiff alleges he was subjected to an increased risk of improper disclosures and identity theft. (*Id* ¶13.) Plaintiff further alleges Defendants willfully violated the FCRA by sending the solicitation without Plaintiff's written approval or for a "permissible purpose" as articulated under the Act. (*Id.* ¶¶ 26-30, 32, 33.) Plaintiff also contends that the flyer violates the FCRA by failing to present clear and conspicuous disclosures of how to prevent future access to his credit. (*Id.*¶¶ 31,33.) Plaintiff seeks statutory damages, injunctive relief and fees and costs.

## Legal Standard

In a review of whether to grant judgment on the pleadings, we must use the same standard that is applied to dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). In considering a Rule 12(c) motion for judgment on the pleadings, a court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff or the non-moving party. *See Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir. 1997). Judgment is appropriate only when it appears beyond doubt that the nonmoving party cannot prove any facts that would sustain his claim. *See R.J. Corman*, 335 F.3d 643.

## Discussion

The FCRA was enacted to protect consumers' privacy and maintain integrity with regard to the information that may be found in the records of consumer reporting agencies. *Cole v. U.S. Capital, Inc.* 389 F. 3d 719, 729 (7th Cir. 2004); *See also* 15 U.S.C. § 1681(a)(4). To accomplish this, the Act states that sharing a consumer's credit report is prohibited unless the release is made with the consumer's consent or if it is for one of the "permissible purposes" articulated in § 1681b(a) of the Act. *Id.*; 15 U.S.C. § 1681b(c)(1)(B)(i). Thus, the complaint will be dismissed if Defendants had a permissible purpose, such as using the information to make a "firm offer of credit." 15 U.S.C. § § 1681b(c)(1)(B)(i).

Defendants contend that the offer of credit in the flyer was firm, that Plaintiff has failed to allege a willful violation of the FCRA, and now ask this Court to enter judgment in their favor. A "firm offer" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on the information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. §1681a(l). The statute provides that the offer may be conditioned on whether the consumer has reached a certain level of creditworthiness, whether he continues to meet the requirements that first qualified him for the offer, and whether he is able to provide a certain amount of collateral, which is both pre-determined and disclosed to the consumer in the offer. 15 U.S.C. §1681a(l)(1); *Cole v. U.S. Capital, Inc.* 389 F. 3d 719, 729 (7th Cir. 2004). To determine whether an offer is firm, we must consider: (1) the entire offer and the effect of all of the material conditions; (2) the amount of credit to be extended; (3) the rate of interest charged; and (4) the method of computing interest and the repayment period. *Cole*,

389 F.3d at 728. If an offer is missing these terms, it is "impossible for a court to determine from the pleadings whether the offer has value." *Id.*

Here, the flyer itself contains a pre-approved line of credit for a home equity loan of $7,500, it states there will be no application fees or closing costs; the response date is June 15, 2005; the initial rate is guaranteed at 1.99% for the first three months; the rate thereafter would vary according to the market; and what the annual fee and penalties are.[1] However, Plaintiff alleges that this is insufficient to create a firm offer because, among other things, it is illusory. For example, there is no guaranteed value beyond the solicitation for business, no firm interest rate is offered, no details of the method and length of repayment period is discussed, and the solicitation falsely states that the interest rate is predictable and fixed where the rates are in fact undetermined. Plaintiff contends that Defendants' "unfettered discretion" to approve the loan, coupled with the ambiguity of its terms, render the flyer a sham and a mere guise for solicitation.

Defendants disagree, stating that on its face, the flyer has met all of the requirements of a firm offer and conditions the offer only upon the expressly acceptable terms under the Act. We agree with Defendants that the conditions placed on the offer are acceptable, i.e., the varying amount that is awarded, the loan being subject to approval of the consumer's creditworthiness, and the ability of the consumer to offer collateral. 15 U.S.C. §1681a(l). The offer clearly states that the approval is subject to the credit information that is acquired after the consumer responds to the offer, as well as the consumer's ability to provide collateral, including clear title, acceptable lien priority, and sufficient available equity and flood insurance certification.

---

[1] As the Seventh Circuit tells us, we may consider the flyer because it is central to Plaintiff's complaint and referred to repeatedly as support for his allegations. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

4

However, beyond these acceptable conditions, there are other essential terms in the solicitation that we believe are ambiguous. As we are told in *Cole*, it is not possible to determine if an offer has value if, when taking into account the entire offer, the interest rate or repayment provisions are not included. *Cole*, 289 F.3d at 728. From the flyer, it is not apparent that there is a guarantee of a specific loan; rather, the solicitation simply invites the customer to call and find out more on how to get the loan. Also, the range in interest rates and the absence of the time and details for repayment raises a question as to whether the terms of the offer were all presented.[2]

Defendants contend that even if it is determined that Plaintiff has made a bona fide claim under FCRA, he has not sufficiently alleged a *willful* violation. Recovery for willful violations is available under FCRA when it is shown that a defendant knowingly and intentionally violated the Act. 15 U.S.C. § 1681n; *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834-35 (7th Cir. 2004) (stating that in acting willfully it must be shown that a defendant knew that its action would violate an individual's rights.) One way companies prove that their actions were not willful is to establish that they have a compliance program in which a compliance officer authorizes mailings or that the documents are reviewed and approved by a consumer reporting agency. *See Wanek v. C.M.A. Mortgage, Inc.*, 05 C 4775, (N.D. Ill. Dec. 12, 2005).

To this, Plaintiff asserts that under notice pleading he is required only to make a short statement to support a cause of action and he has more than satisfied this liberal pleading standard. Fed. R. Civ. P. 12; *Walker v. Thompson*, 288 f.3d 1005, 1007 (7th Cir. 2002). At this early stage,

---

[2]Defendants answer this by stating the type of loan that is being offered is a unique loan that provides that repayment is based on each consumer's individual circumstances. Even so, that detail is not communicated in the offer to present to the average consumer the necessary details for him to construe the solicitation as a firm offer.

5

we may not preclude Plaintiff from presenting evidence that would establish that Defendants' actions were intentional. It is a heavy burden for Defendants to establish that simply based on the pleadings, without the assistance of further discovery, affidavits, or evidence, Plaintiff has not sufficiently alleged a FCRA complaint. Under the notice pleading standard, Plaintiff must only allege a set a facts that if proven to be true, could constitute a violation. At this juncture, we must not make credibility determinations or resolve factual disputes. Our task is only to determine whether all of the allegations, if proven, could lead a reasonable jury to conclude that the flyer sent by Defendants did not constitute a firm offer and violated FCRA. Here, Defendants are alleged to have prepared and reviewed the offer. They are presumed to know the law. Thus, we believe Plaintiff has sufficiently alleged a willful violation of the FCRA, and Defendants motion for judgement on this claim is denied.

Next, Plaintiff alleges in his complaint that Defendants also violated the FCRA by failing to present clear and conspicuous disclosures in their communication to him. The FCRA articulates that disclosures in offers are to be "clear and conspicuous" 15 U.S.C. § 1681m(d). The statute specifically provides that companies sending offers must disclose the manner in which they obtained the consumer's information and how a consumer may remove his name from a list to avoid getting future solicitations. 15 U.S.C. § 1681m(d)(1)(A)-(D) & (d)(2). However, Defendants direct us to both case law and the statutory provision and assert that this cause of action is no longer recoverable. 15 U.S.C. § 1681m(h)(8); see e.g. *Murray v. Household Bank (SB), N.A.*, 386 F. Supp. 2d 993, 999 (N.D. Ill. 2005); *Murray v. Cross Country Bank*, 399 F. Supp. 2d 843, 844-45 (N.D. Ill. 2005). Pursuant to the 2004 amendments to the Act, the enforcement of the clear and conspicuous requirement is now reserved exclusively for administrative proceedings. 15 U.S.C. § 1681m(h)(8).

6

Plaintiff concedes that the district courts have concluded that no private right of action exists under this provision, but contends that the determination could be changed by the Seventh Circuit. We believe that until the Seventh Circuit tells us otherwise, prior to exhausting the claim through administrative proceedings, there is no longer a private right of action available in this Court for failure to present clear and conspicuous disclosures. Thus, Defendants' Rule 12(c) motion questioning the nature of the disclosure is granted and those allegations will be stricken from the complaint.

Finally, Plaintiff asks for injunctive relief. Defendants claim that not only is injunctive relief not available under the statute, but also that Plaintiff has not properly asserted an injunctive claim. Section 1681n outlines the civil liability for willful noncompliance with FCRA and states in part:

> Any person who willfully fails to comply with any requirement imposed under this title [] with respect to any consumer is liable to that consumer in an amount equal to the sum of-
>
> (1)    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

The statute neither expressly provides, nor prohibits injunctive relief. Therefore, because Congress did not specifically enjoin equitable relief under the statute, we may assume that injunctive relief is available under FCRA. *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 956 (implying that in a FCRA case a plaintiff could potentially recover damages and/or an injunction.) In order to obtain a permanent injunction, the moving party must show: (1) actual success on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *Joelner v. Village of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004); *Chicago Sch. Reform Bd. of Trustees v. Diversified Pharm. Svc., Inc.*, 40 F. Supp. 2d 987, 991 (N.D. Ill. 1999) (referring to *Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996)).

Because Plaintiff's claim has been preserved, it is not yet determined whether Plaintiff will prevail and have actual success on the merits. Therefore, whether he would be entitled to an injunction may not be addressed until the outcome of Plaintiff's claims have been decided. We will not treat Plaintiff's request for injunctive relief until the resolution of Plaintiff's claims on the merits. Thus, Defendants motion to preclude injunctive relief is denied without prejudice.

## Conclusion

For the reasons set forth above, Defendants' Rule 12(c) motion for judgement on the pleadings is granted in part and denied in part. Defendants' motion to dismiss Plaintiff's willful violation of the FCRA claim is denied. Defendants' motion to dismiss Plaintiff's clear and conspicuous claim is granted. Defendants' motion to preclude injunctive relief is denied without prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: __JUL 1 9 2006__